**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RONNIE R. SMITH, a/k/a Blind,
　　　　　*Defendant-Appellant.*

No. 02-4803

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-02-501-DWS)

Submitted: October 10, 2003

Decided: October 30, 2003

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronnie R. Smith pled guilty before a magistrate judge to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000). The district court sentenced Smith to a ninety-four-month prison term to be followed by three years of supervised release. Smith appeals his conviction and sentence. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Smith was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel first questions whether the magistrate judge properly conducted the Fed. R. Crim. P. 11 colloquy. Our review of the record leads us to conclude that there is no plain error in the plea proceeding. *See United States v. Martinez*, 277 F.3d 517, 524-25 (4th Cir.) (discussing standard of review), *cert. denied*, 537 U.S. 899 (2002). The magistrate judge fully complied with the mandates of Rule 11 in accepting Smith's guilty plea. *See United States v. Osborne*, ___ F.3d ___, 2003 WL 22218295, at *2 (4th Cir. Sept. 25, 2003) (No. 02-4089) (holding that taking guilty plea is permissible as "additional duty" for magistrate judge and that de novo review by district court not required unless parties so demand).

Next, counsel raises as a potential issue the calculation of Smith's sentence. We find no plain error in the calculation of Smith's total offense level or criminal history category. *See id.* (stating standard of review). Further, Smith's ninety-four-month sentence is within the applicable sentencing guidelines range and is below the ten-year statutory maximum. *See* 18 U.S.C. § 924(a)(2) (setting forth statutory maximum for violation of § 922(g)). Smith's challenge to the court's imposition of a sentence within a properly calculated guideline range does not state an appealable question under 18 U.S.C. § 3742(a) (2000). *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Smith's conviction and sentence. This court requires that counsel inform his

client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*